IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMIA JOHNSON, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| AUSTELL RESTAURANT | ) |
| MANAGEMENT, INC., d/b/a IHOP, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Tamia Johnson, by and through undersigned counsel, and files this his Complaint for Damages against Defendant Austell Restaurant Management, Inc. ("Defendant") stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against her in violation of Title VII of the Civil Rights Act of 1964, as amended, and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendants are subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is an African American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Willie Joe Scripture, at 1835 Lockeway Dr., Suite 301, Alpharetta, Georgia 30004.

## ADMINISTRATIVE PREREQUISITES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging retaliation in violation of Title VII of the Civil Rights of 1964, as amended. Upon Plaintiff's request, the EEOC issued a "Notice of Right to Sue" on June 13, 2022, entitling an action to be commenced within ninety (90) days of receipt of said notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

8.

Plaintiff began her employment with Defendant, on or about October 1, 2021, as a server.

9.

Plaintiff is African American/Black.

10.

In or about early March 2022, one of Plaintiff's white co-workers, Trinity, called Plaintiff a black bitch and stated she would beat Plaintiff's black ass.

11.

On or about March 7, 2022, Plaintiff informed Defendant's Human Resources representative, Heidi, that she needed to file a race discrimination complaint regarding the issues with Trinity. Plaintiff discussed the race discrimination complaint with Heidi and was put out on leave for a week, purportedly for the employer to investigate the issue.

12.

Defendant then terminated Trinity. Trinity is the daughter of Randy, the General Manager over the restaurant Plaintiff was working at.

13.

When Plaintiff returned to work, Defendant began cutting Plaintiff's work hours, resulting in Plaintiff earning lower wages.

14.

On or about April 26, 2022, Plaintiff complained to Heidi about Plaintiff's hours being cut in retaliation for her race discrimination complaint.

15.

On or about April 28, 2022, Plaintiff was terminated.

16.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation, in response to Plaintiff' protected activity.

## CLAIM FOR RELIEF

## COUNT I

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

17.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

18.

Plaintiff is African American and black in color. Plaintiff had an employment agreement with Defendants within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

19.

Plaintiff performed her contractual obligations.

20.

Defendant violated Plaintiff's rights under 42 U.S.C. § 1981.

21.

Plaintiff is a member of a protected class.

22.

Plaintiff's complaints and opposition to, inter alia, racist conduct constitute protected activity under 42 U.S.C. § 1981.

23.

Defendant subjected Plaintiff to adverse actions (to wit, termination, and reduction in work hours) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

24.

There was a causal connection between the protected conduct and the adverse actions of termination and reduction in work hours.

25.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

26.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

27.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II

## TITLE VII RETALIATION

28.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

29.

Plaintiff is a member of a protected class, i.e., she is African American and black in color.

30.

Title VII prohibits Defendant from retaliating against Plaintiff for engaging in protected activity.

31.

Plaintiff's complaints and opposition to, inter alia, racist conduct constitute protected activity under Title VII.

32.

Defendant subjected Plaintiff to adverse actions (to wit, termination and reduction in work hours) because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

33.

There was a causal connection between the protected conduct and the adverse actions of termination and reduction in work hours.

34.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

35.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

36.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorneys' fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)  Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)  All other relief to which he may be entitled.

Respectfully submitted, this 27th day of July, 2022.

        **BARRETT & FARAHANY**

        /s/ V. Severin Roberts
        V. Severin Roberts
        Georgia Bar No. 940504
        Attorney for Plaintiff

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com